UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON E. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY EMPLOYMENT AND HUMAN SERVICES DEPARTMENT, et al.,<br><br>Defendants. | Case No. 16-cv-03738-MEJ<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT; DIRECTING DEFENDANTS TO RESPOND** |

Pro se Plaintiff Sharon Taylor ("Plaintiff") filed a First Amended Complaint ("FAC"). *Se*e FAC, Dkt. No. 24. Because Plaintiff is proceeding in forma pauperis (*see* Dkt. No. 7), the Court screens the FAC pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff explains the FAC asserts claims under the Americans with Disabilities Act ("ADA") "for discrimination based upon disability, harassment, hostile work environment, and retaliation." FAC at 1; *see also id*. at 6-7 (alleging "isolation" as an additional basis for her claims).

As is relevant here, the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regards to the hiring, advancement, compensation, job training, and other terms, conditions, and privileges of employment. *See* 42 U.S.C. § 12112(a). "Discrimination" includes limiting the employee in a way that adversely affects her opportunities because of her disability; excluding or otherwise denying equal jobs or benefits to a qualified individual because of her disability; and not making reasonable accommodations for the employee. *Id*. § 12112(b). Plaintiff alleges that she is disabled, that as a result of her disability she was treated less favorably by her supervisors Cassandra O'Neal and Renee Giometti, and that O'Neal failed to accommodate her disability. Plaintiff also alleges that O'Neal and Giometti retaliated against Plaintiff after she filed an Equal Employment Opportunity Commission

1  complaint regarding her supervisors' discriminatory practices.  Plaintiff further alleges that O'Neal
2  and Giometti harassed and bullied her and created a hostile work environment, although it is not
3  clear from the allegations how Plaintiff contends this conduct was connected to her disability.
4  　　　　Based on the foregoing, the Court finds the FAC, for purposes of screening pursuant to 28
5  U.S.C. § 1915(e)(2), states claims under the ADA for disability discrimination.[1]
6  　　　　Defendants shall respond to the FAC no later than February 16, 2017.
7  　　　　**IT IS SO ORDERED.**

Dated: January 23, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] The Court notes the Ninth Circuit has not determined whether plaintiffs may bring "disability harassment" or hostile work environment claims under the ADA.  *See Smith v. Harrington*, 2013 WL 132465, at *4 n.4 (N.D. Cal. Jan. 9, 2013) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003)).